# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
## at Baltimore

| | |
|---|---|
| In re: | |
| Melvin Hudson, | Case No. 24-18506 DER |
| Debtor. | Chapter 13 |
| | |
| Maryland Department of Labor, | |
| Plaintiff, | |
| v. | Adv. No. _____ |
| Melvin Hudson, | |
| Defendant. | |

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

Plaintiff, Maryland Department of Labor (hereinafter, "MDOL"), formerly known as DLLR, by its undersigned attorney Lindsey J. Parker, files this Complaint to Determine Dischargeability of Debt against Melvin Hudson, Defendant/Debtor, and in support thereof states the following:

### Jurisdiction and Venue

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334, 11 U.S.C. § 523, and Local Bankruptcy Rule 402. This proceeding arises in the above-captioned Chapter 13 under Title 11.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). Pursuant to Local Bankruptcy Rule 7012-1(b), MDOL consents to the entry of final orders or judgment by the Bankruptcy Judge.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1409(a).

4. This is an adversary proceeding to determine the dischargeability of a debt owed by Defendant/Debtor Melvin Hudson.

5. Defendant Melvin Hudson (hereinafter, "Debtor") is the Debtor in the Chapter 13 out of which this adversary proceeding arises, having filed the petition on October 9, 2024.

6. Plaintiff MDOL is a government agency that, among its other functions, administers the unemployment law, pays unemployment benefits, and collects benefit overpayments.

7. The deadline to file a complaint under 11 U.S.C. § 523(a)(2), (4), or (6) is January 13, 2025. This Complaint is therefore timely.

**Facts and Background**

8. MDOL's duties include, inter alia, administering the unemployment law, paying unemployment benefits, and collecting unemployment benefit overpayments.

9. Under Maryland unemployment law, claimants are generally entitled to receive unemployment benefits if they are unemployed, were not terminated from prior employment due to misconduct or a finding of substantial cause, and are not receiving certain retirement or unemployment benefits from another source. *See* Md. Code Ann., Labor and Employment Article ("LE"), §§ 8-902. 8-903. 8-1001, 8-1002, 8-1002.1, 8-1003, 8-1005, 8-1006, 8-1008.

10. MDOL is a creditor of Debtor, having paid unemployment benefits to Debtor which were obtained by false pretenses, false representation, or actual fraud by Debtor knowingly giving incorrect, incomplete, or false information in order to obtain or increase benefits.

11. Upon a determination that a claimant is not entitled to the unemployment benefits that the claimant received, MDOL may recover the overpaid benefits, plus interest of one and one-half percent (1.5%) ("fraud interest") if it is determined that the claimant knowingly made a false

statement or representation or knowingly failed to disclose a material fact in order to obtain or increase a benefit payment. Md. Code Ann. §§ 8-809. 8-1301. Interest based on fraud is calculated from the date the claimant is notified that they are not entitled to the benefits received. Additionally, MDOL may recover a monetary penalty of fifteen percent (15%) ("fraud penalty") of all benefits paid to the claimant for each week for which the false statement or representation was made or for which the claimant failed to disclose a material fact. Md. Code Ann. § 8-809(b)(2).

12. Debtor filed a claim for unemployment benefits in November 2017, at which time MDOL informed Debtor of the requirements to remain eligible to receive unemployment benefits and sent Debtor a pamphlet explaining those requirements.

13. While receiving the unemployment benefits, Debtor made express representations to MDOL that Debtor remained unemployed and was eligible and entitled to receive the unemployment benefit payments for each week that MDOL paid. Consistently, Debtor falsely underreported their gross wages and failed to apprise MDOL of their employment with the City of Baltimore Mayor's Office; and for each applicable week, Debtor specifically represented that they were unemployed with zero wages. Debtor knew those representations were false when Debtor made them, and Debtor made those representations with the intent of deceiving MDOL. *See* Exhibit 1: Fact-finding Report as to Employer City of Baltimore Mayor's Office. which is incorporated by reference as if fully set forth herein.

14. MDOL subsequently determined on June 8, 2018, that Debtor had unreported income from employment with the City of Baltimore Mayor's Office for the week ending December 30, 2017 through the week ending April 14, 2018 for a total of sixteen (16) overpaid weeks.

15. In mandatory weekly claim certifications, Debtor fraudulently failed to report earned income and was therefore ineligible for the benefits received and liable for the resulting

3

overpayment in the amount of Ten Thousand, Nine Hundred Eighty-five Dollars and Sixty-eight Cents ($10,985.68), consisting of Six Thousand, Eight Hundred Eighty Dollars ($6,880.00) in overpaid benefits, One Thousand, Thirty-two Dollars ($1,032.00) as the mandatory fraud penalty, plus Three Thousand, Seventy-three Dollars and Sixty-eight Cents ($3,073.68) in fraud interest. *See* Exhibit 2: Overpayment Summary and Repayment Detail.

16. MDOL notified Debtor on June 8, 2018, that MDOL had determined that Debtor was ineligible for the unemployment benefits that Debtor received as a result of Debtor's fraudulent conduct and provided Debtor with notice of the determination and their appeal rights in protesting the determination. *See* Exhibit 3: Notices of Fraud Determination. MDOL's determinations are final and unappealable.

## **CLAIM—DETERMINATION OF DEBT AS NONDISCHARGEABLE**

17. The allegations set forth in Paragraphs One (1) through Sixteen (16) are realleged and incorporated by reference as if fully set forth herein.

18. Debtor is indebted to MDOL on a debt for money obtained by false pretenses, false representations, or actual fraud, which arose as a result of unemployment benefits Debtor received from MDOL.

19. MDOL paid unemployment benefits to Debtor because of justifiable reliance on Debtor's false and fraudulent representations that Debtor was eligible and entitled to receive the unemployment benefit payments from MDOL; and MDOL believed Debtor's statements of eligibility, which Debtor represented to be truthful.

20. Upon that justifiable reliance, MDOL paid to Debtor, and Debtor accepted, unemployment benefits.

21. As a result of the above false pretenses, false representation, and/or actual fraud, Debtor is indebted to MDOL in the amount of Ten Thousand, Nine Hundred Forty-five Dollars and Sixty-eight Cents ($10,945.68), consisting of Six Thousand, Eight Hundred Eighty Dollars ($6,880.00) in overpaid benefits, One Thousand, Thirty-two Dollars ($1,032.00) as the mandatory fraud penalty, plus Three Thousand, Seventy-three Dollars and Sixty-eight Cents ($3,073.68) fraud interest, less Forty Dollars ($40.00) in payments and credits, which is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

22. Where an underlying debt is nondischargeable under 11 U.S.C. § 523(a)(2), the post-judgment legal interest is likewise nondischargeable because if the principal is nondischargeable, so is the interest on it. *See, e.g.*, *Bruning v. United States*, 376 U.S. 358 (1964) (holding that post-petition interest on a nondischargeable tax debt remains the personal liability of the debtor after bankruptcy); *In re Brace*, 131 B.R. 6112, 613-14 (Bankr. W.D. Mich. 1991) (holding that post-petition interest could accrue on a debt that was nondischargeable under 11 U.S.C. § 523(a)(2)(A) because it arose from fraudulent misrepresentations); *accord In re Kellar*, 125 B.R. 716, 720-21 (Bankr. N.D.N.Y. 1989). Further, any debt arising from false representations, false pretenses, or fraud is nondischargeable under 11 U.S.C. § 523(a)(2)(A). *Cohen v. De La Cruz*, 523 U.S. 213 (1998) (determining bankruptcy petitioner's entire debt, including treble and punitive damages, to be nondischargeable where liabilities arose from fraud).

23. The fraud penalty of One Thousand, Thirty-two Dollars ($1,032.00) is also nondischargeable pursuant to 11 U.S.C. § 523(a)(7) because it is "payable to and for the benefit of a governmental unit" and does not "constitute compensation for actual pecuniary loss." *See, e.g.*, *Kelly v. Robinson*, 479 U.S. 36, 107 S. Ct. 353, 93 L.Ed.2d 216 (1986); *Atty. Griev. Comm'n v. Smith (In re Smith)*, 317 B.R. 302 (Bankr. D. Md. 2004).

WHEREFORE, Plaintiff MDOL respectfully requests that this Court:

(a) Determine that the debt owed by Defendant Melvin Hudson, consisting of Six Thousand, Eight Hundred Eighty Dollars ($6,880.00) in overpaid benefits, One Thousand, Thirty-two Dollars ($1,032.00) as the mandatory fraud penalty, plus Three Thousand, Seventy-three Dollars and Sixty-eight Cents ($3,073.68) fraud interest, less Forty Dollars ($40.00) in payments and credits, for a total fraud overpayment balance of Ten Thousand, Nine Hundred Forty-five Dollars and Sixty-eight Cents ($10,945.68) to be nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A);

(b) Determine that the fraud penalty of One Thousand, Thirty-two Dollars ($1,032.00) is also dischargeable pursuant to 11 U.S.C. § 523(a)(7);

(c) Grant judgment in favor of Plaintiff MDOL and against Defendant/Debtor Melvin Hudson, in the amount of Ten Thousand, Nine Hundred Forty-five Dollars and Sixty-eight Cents ($10,945.68), plus costs and post-judgment interest at the legal rate from the date of entry of the judgment; and

(d) Grant any such other and further relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Lindsey J. Parker
Lindsey J. Parker, 21776
Maryland Dept. of Labor
100 S. Charles Street, 3rd Floor
Baltimore, MD 21201
Telephone: 410-767-2466
lindsey.parker@maryland.gov